UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-81222-CIV-MARRA/MATTHEWMAN

STACEY BLAKE, and others similarly situated,

    Plaintiff,

vs.

JAMES BATMASIAN, an individual d/b/a
Investments Limited, and individually,
and MARTA BATMASIAN, an individual
d/b/a Investments Limited and individually,
and LSA MANAGEMENT INC., a Florida corporation,

    Defendants.
_____/

## ORDER AND OPINION ON MOTIONS TO STRIKE

**THIS CAUSE** is before the Court upon Defendant's Motion to Strike Immaterial, Impertinent and Scandalous Matter From Third Amended Complaint [DE 179] ("Second Motion to Strike"); Defendants James and Marta Batmasian's Motion to Strike and/or Exclude Supplemental Filing by Plaintiff and Request for Sanctions Against Plaintiffs' Counsel [DE 281] ("Third Motion to Strike"); and Plaintiffs' Motion for Leave to File Supplement Nunc Pro Tunc [DE 292]. The Court has carefully considered all relevant filings, including the motions, responses, replies, supplements, notice of authority, and is otherwise fully advised in the premises.

**Standard of Review**[1]

The Federal Rules of Civil Procedure provide that "the court may order stricken from any pleading ... any redundant, immaterial,[2] impertinent[3] or scandalous[4] matter."  Fed. R. Civ. P. 12(f).  The purpose of a motion to strike is to clean up the pleadings, remove irrelevant or otherwise confusing materials, and avoid unnecessary forays into immaterial matters.  *Liberty Media Holdings, LLC v. Wintice Group, Inc.*, No. 6:10–cv–44–Orl–19GJK, 2010 WL 2367227, *1 (M.D. Fla. June 14, 2010); *Hutchings v. Fed. Ins. Co.*, 2008 WL 4186994 at *2 (M.D. Fla. Sept. 8, 2008).  It is not intended to procure the dismissal of all or part of a complaint.  *Williams v. Delray Auto Mall, Inc.*, 289 F.R.D. 697, 700 (S.D. Fla. 2013).  Granting a motion to strike is a drastic remedy and is disfavored by the courts.  *Nash v. O.R. Colan Group, LLC,* No. 12–60759–CIV, 2012 WL 4338817, *1 (S.D. Fla. Sept. 20, 2012) (citing *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla.

---

[1]  This not being the first order on a motion to strike in this case, the Court assumes the parties are familiar with the instant standard.  Nonetheless, since Defendants make several arguments that are not in line with this standard, such as allegations should be stricken because they do "not relate to any disputed issue in this action," the Court reiterates the standard as a reminder.

[2]  An allegation is immaterial if it has no value in developing the issues of the case.  *Oaks v. City of Fairhope, Alabama,* 515 F. Supp. 1004, 1032 (S.D. Ala. 1981) (citing 2A, Moore's Federal Practice P 12.21(1) at 2420 (2d ed. 1979)).

[3]  An allegation is impertinent if it is irrelevant to the issues and which are not properly in issue between the parties  *Id.*; 2 Moore's Federal Practice, pp. 2312-13.

[4]  A matter is scandalous if it is both grossly disgraceful (or defamatory) and irrelevant to the action or defense.  Black's Law Dictionary.

2002)); *Tracfone Wireless, Inc. v. Access Telecom, Inc.*, 642 F. Supp. 2d 1354, 1361 (S.D. Fla. 2009).  If there is any doubt as to whether under any contingency the matter may raise an issue, the motion should be denied.  Therefore, a motion to strike will be granted only if the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party.  2 James W. Moore *et al.*, Moore's Federal Practice ¶ 12.21[2], at 2317 (2d ed. 1992).

**Discussion**

In the Second Motion to Strike,[5] Defendants object to certain allegations contained within paragraphs 39, 42, 52 and 95 of the Third Amended Complaint (DE 173).  It is asserted that these allegations are irrelevant and have no purpose other than to disparage, harass, belittle, and embarrass the Defendants and their counsel, and to inflame and prejudice the trier of fact against Defendants.

Paragraph 39 reads:

> 39. The Batmasians have gross revenue which exceeds $500,000 for each of the past three (3) years, and as of December 31, 2010 claimed to have total assets $1,676,635,926, and it has only grown since then, and the vast majority of these assets consist of real estate owned by the Batmasians jointly or in the name of Marta Batmasian.

DE 173.  Defendants argue that this paragraph should be stricken because "it does not relate to any disputed issue in this action[.]"  DE 268 at 3.  Defendants also object to

---

[5] The Court granted in part and denied in part Defendants' [First] Motion to Strike.  *See* Order at DE 137.

the allegations as to their personal wealth and the allegation that "it has only grown since then," asserting these allegations are "immaterial and impertinent to the FLSA claim[,] . . . and serve[s] no other purpose than to appeal to class bias." DE 179 at 7.

These arguments are rejected.  The fact that Defendants now admit that the FLSA applies to them under enterprise coverage because their annual gross volume of business is not less than $500,00 does not mean that Plaintiffs allegation of such a key element of their claim should be stricken.  *See* 29 U.S.C. § 203(s)(1).  In addition, Defendants' objections to allegations regarding the Batmasians' personal wealth is rejected.  As previously stated in this Court's ruling on the First Motion to Strike, "allegations regarding the personal financial worth of the Batmasians is directly relevant to the establishment of either individual or enterprise coverage." DE 137 at 4.  Concerns about inflaming and prejudicing the trier of fact against Defendants is without foundation.  The jury is only exposed to evidence admitted at trial.

The Court is next directed to Footnote 1 to Paragraph 42, and Paragraph 52, which read:

> 42(1). The Defendant disputes that James Baker was their controller and are taking the position that he was their chief financial officer, but Baker was never listed as a chief financial officer on any corporate or partnership papers filed with the State of Florida, and witness George Sigalos knows that Baker was the controller and not the chief financial officer, because the Batmasians introduced Baker as being their controller to him on more than one occasion.
>
> 52. The Batmasians have the power to hire and fire and exercise it regularly, *as they fired James Baker*.

DE 173 (emphasis added).

Defendants argue that these allegations as to non-party James Baker are completely irrelevant, and demonstrate a bad faith attempt by Plaintiffs' counsel to interject issues into this case that are only relevant to another case where Mr. Baker is suing the Batmasians.

As far as the footnote is concerned, the Court finds that it is inappropriate for Plaintiffs to state or agrue in a Complaint, particularly in a footnote, Defendants' position regarding a contested issue.  Accordingly, footnote 1 to paragraph 42 is stricken.   As far as alleging that the Batmasians fired James Baker, the Court finds unpersuasive Defendants' argument that this allegation is "completely irrelevant and immaterial to this case."  It is simply an example of the alleged power and authority the Batmasians have. There being no valid reason for striking this part of paragraph 52, the motion to strike it is denied.

The final alleged immaterial, impertinent and scandalous paragraph reads as follows:

> The willfulness includes deliberate violations of the Fair Labor Standards Act, as the Defendant has been sued off and on over the years for overtime, has not denied that it was the employer of its employees, and settled the cases, and the memorandum from Batmasian suggests that he is violating the FLSA intentionally.  Further, the Defendant employed numerous workers performing manual labor to modify and rehabilitate tenant space, and the Defendant refused to pay any of them overtime, so the Defendant paid these workers for their first 40 hours, and any overtime hours worked are paid at a straight-time rate by John L. Management, L.L.C., which is a limited liability company owned by John Lopresti, who is a close personal friend of the Defendant, even though

>   all of the work is performed for and the laborers are employed by the Batmasians.

Compl. ¶ 95 (DE 173).  Defendants acknowledge that prior similar suits potentially may have relevance to the issue of willfulness.  They assert, however, that allegations in the first sentence of paragraph 95 "do not sufficiently allege that there were any similar suits."  Additionally, Defendants assert the fact that those prior similar suits were settled is irrelevant and serves only to besmirch and prejudice the them before the trier of fact.  Defendants also take issue with the second sentence which refers to "manual laborers" who allegedly were not paid overtime. Defendants claim there has been no mention of "manual laborers" in this action, this action has been limited to commercial leasing agents, and neither John L. Management, LLC nor Mr. Lopresti have been named as a party in this action.

　　The Court rejects these arguments. Reference to having settled prior similar suits does not have a prejudicial effect at the pleadings stage.  "Prejudice results when the matter complained of has the effect of confusing the issues or where it is so lengthy and complex that it places an undue burden on the responding party." *S.D. v. St. Johns County Sch. Dist*., No. 3:09-CV-250-J-20TEM, 2009 WL 1941482, at *3 (M.D. Fla. July 7, 2009) (internal citation omitted).  Because Defendants' concern over the issue of settlement concerns a jury's reaction to the information at a later stage of litigation, the allegation of settlement does not confuse the issues or place an undue burden on Defendants at the pleadings stage.  The matter of prejudice is

raised prematurely and would be better addressed at the motion in limine stage. *Harris v. Torus Nat. Ins. Co.*, 2014 WL 3053257, at *3 (M.D. Fla. 2014).

The final objection to paragraph 95 is regarding the reference to manual laborers who allegedly were not paid overtime as mandated. Defendants argue these allegations are not only irrelevant, but highly salacious and scandalous and have been included for the sole purpose of imputing wrongdoing on behalf of the Batmasians in their general business practice with respect to individuals who are not part of this action. Defendants assert the Court "should note that there has been *no discovery on these issues and the discovery period is now closed* . . ." DE 268 at 8 (emphasis in original).

Plaintiffs respond that these allegations relate "to Defendants' pattern and practice of failing to pay its employees compensation for hours worked in excess of forty (40) hours per week, which is unquestionably relevant to whether or not the Defendants knew its conduct was prohibited and intentionally devised a scheme to attempt to circumvent federal employee compensation statutes." DE 241 at 12. The Court agrees that these allegations have to do with knowledge of the overtime laws and is merely alleged as an example of how Defendants previously knew about and avoided complying with the FLSA. Thus, no portion of paragraph 95 will be stricken.

Defendants' Third Motion to Strike seeks to exclude from the Court's consideration Plaintiffs' Supplement (*see* DE 279) in Support of Their Response to the above addressed Second Motion to Strike. Plaintiffs then filed a Motion for Leave to

File Supplement Nunc Pro Tunc.  "Defendants seek to strike the Improper Filing because (i) it has been improperly filed procedurally, and (ii) it contains nothing more than additional irrelevant, impertinent and immaterial statements by Plaintiff's counsel (**with no any [sic] legal authority whatsoever**) intended purely to besmirch defense counsel." (emphasis in original).  DE 281 at 3.[6]

Plaintiffs state that the filing was intended to supplement the issue concerning whether a reference to James Baker in the Complaint should be stricken, which allegation Plaintiffs argue should have to be admitted or denied.  Plaintiffs argue that "[w]hat Baker's job title was is germane to this litigation, as is whether he was an independent contractor or employee." DE 293 at 8.  Presumably Plaintiffs are referring to the footnote which has been stricken from the Complaint as discussed above.

Irrespective of its content, the supplement is, in effect, a second response brief, which is improper.  Plaintiffs may not add pages or supplemental arguments once they have filed their response.  Moreover, the motion for leave to file supplement *nunc pro tunc* provides no argument why the Court should allow Plaintiffs permission to file a second response.  Plaintiffs merely state they did not think permission was required.  Permission is required to file what is, in essence, a second

---

[6] As far as counsel's failure to confer with opposing counsel prior to filing the supplement pursuant to Local Rule 7.1(a)(3), suffice it to say that neither side can claim to have perfectly complied with the pre-filing good faith conferral requirement.

response brief. Therefore, in accordance with the conclusions made herein, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Strike Immaterial, Impertinent and Scandalous Matter From Third Amended Complaint [DE 179] is granted in part and denied in part as detailed above; Defendants James and Marta Batmasian's Motion to Strike and/or Exclude Supplemental Filing by Plaintiff and Request for Sanctions Against Plaintiffs' Counsel [DE 281] is granted, but the request for sanctions is denied; and Plaintiffs' Motion for Leave to File Supplement Nunc Pro Tunc [DE 292] is denied.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 27th day of February, 2017.

_____
KENNETH A. MARRA
United States District Judge