UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-81222-CIV-MARRA/MATTHEWMAN

STACEY BLAKE, and others similarly situated,

    Plaintiff,

vs.

JAMES BATMASIAN, an individual d/b/a
Investments Limited, and individually,
and MARTA BATMASIAN, an individual
d/b/a Investments Limited and individually,
and LSA MANAGEMENT INC., a Florida corporation,

    Defendants.
_____/

## OMNIBUS ORDER

**THIS CAUSE** is before the Court upon Defendants' Motion to Strike and Motion for Protective/Limiting Order Regarding Plaintiffs' Various Filings Which Purport to Reveal Confidential Attorney-Client Privileged Communications (DE 378) ("Motion to Protect Privilege") and "Plaintiffs' Appeal/Objections of/to Magistrate Judge's Order on R&R on Defendants' Supplemental Motion to Strike or Motion to Supplement Motion to Strike (DE 393)" [DE 397] ("Appeal of Order Granting Motion to Supplement"). In the Motion to Protect Privilege, Defendants move to strike various filings,[1] pursuant to Federal Rule of Civil Procedure 26(b)(5) and Rule 501 of the

---

[1] Plaintiffs' Second Supplement relating to Defendants' Motion to Strike [DE 314, 314-1]; Plaintiffs' Statement of Material, Undisputed Facts in Support of Plaintiffs' Motion for Summary Judgment [DE 326 at ¶¶ 46-47]; Baker Deposition [DE 326-10]; Declaration of Baker in Support of Plaintiffs MFSJ [DE 326-15 at ¶¶ 6, 11, 12]; Plaintiffs' Motion for Summary Judgment [DE 327 at ¶ 10] (including but not limited to: "JB and MB have longstanding knowledge of their misclassification of non-exempt

Federal Rules of Evidence, which purport to reveal confidential attorney-client privileged communications and for entry of a protective and/or limiting order precluding Plaintiffs' use of same.  In the Appeal of Order Granting Motion to Supplement, Plaintiffs object that the Magistrate's Order was an improper summary ruling on a motion, and that by striking Baker's Second Declaration, Plaintiffs were denied the opportunity to respond to the supplemental filing.  DE 404 at 1.

**MOTION TO PROTECT PRIVILEGE**

The Motion to Protect Privilege was referred to the Honorable William Matthewman, United States Magistrate Judge, Southern District of Florida.  A 38 page Report and Recommendation ("R&R") was filed wherein the Magistrate recommends that the District Court grant in part and deny in part the Motion to Protect Privilege.  Of import, the Magistrate recommends that the following documents be stricken:

> Plaintiffs' Second Supplement relating to Defendants' Motion to Strike (DE 314, 314-1); Plaintiffs' Statement of Material, Undisputed Facts in Support of Plaintiffs' Motion for Summary Judgment (DE 326); Baker Deposition (DE 326-10); Declaration of Baker in Support of Plaintiffs' Motion for Summary Judgment (DE 326-15); Plaintiffs' Motion for Summary Judgment (DE 327); Blake's Response in Opposition to Defendants' Motion for Summary Judgment (DE 330); Response in Opposition to Defendant's Statement of Material Facts (DE 331); Baker's Declaration in Support of Plaintiffs' Motion for Summary Judgment (DE

---

employees and their obligation to pay overtime for CLAs and APMs, as relayed to Defendant by their controller, attorneys and accountants, payroll companies"); Blake's  Response in Opposition to Defendants' MFSJ [DE 330]; Response in Opposition to Def SMF [DE 331 at ¶¶ 30-31]; Baker's Declaration in Support of Plaintiffs'  Motion for Summary Judgment [DE 331-9 at ¶¶ 11, 12]; Baker's Deposition Transcript filed in Support of Plaintiffs' Motion for Summary Judgment [DE 342-1]; Plaintiffs' Reply Brief [DE 376 at 9-11] and alleged improperly filed Reply to Defendants' Statement of Material Facts [DE 375] (collectively referred to herein as "Various Filings").

> 331-9); Baker's Deposition Transcript filed in Support of Plaintiffs' Motion for Summary Judgment (DE 342-1); Plaintiffs' Reply Brief (DE 376) and the Reply to Defendants' Statement of Material Facts (DE 375)

and that Plaintiffs be permitted to re-file their motion, responses, replies, affidavits or declarations, and statements at issue, omitting any attorney-client privileged sections.  *See* DE 394.  In addition, the Magistrate Judge recommends that Plaintiffs and their counsel be ordered to refrain from filing any further attorney-client privileged material or information in this case without first obtaining express leave of court.  DE 394 at 37.  Plaintiffs filed objections to the R&R [DE 396, 398], Defendants responded to Plaintiffs' objections [DE 400], and Plaintiffs replied thereto [DE 403].

The Court has carefully considered the Motion to Protect Privilege, response, reply, the Report and Recommendation, Plaintiffs' objections, including Plaintiffs' Notice of Scrivener's Error, Defendants' response to the objections, and Plaintiffs' reply.  A judge of the district court must make a *de novo* determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify the findings or recommendations in whole or in part.  The District Judge shall consider the appeal and shall set aside any portion of the Magistrate Judge's report, or order on a nondispositive matter, "found to be clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A); Local Magistrate Judge Rule 4(a)(1).  A finding or recommendation is clearly erroneous if "the reviewing court, after assessing the evidence in its entirety, is left with a definite and firm conviction

that a mistake has been committed." *Krys v. Lufthansa German Airlines*, 119 F.3d 1515, 1523 (11th Cir. 1997) citing *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985).

The central issue here concerns Plaintiffs' use of purported attorney-client privileged information recalled by James Baker ("Baker"), a former CFO/Controller for Defendants, which Plaintiffs assert as a basis for their motion for partial summary judgment.

**Background**

During the pendency of this case, a trial was conducted in the related Fair Labor Standards Act ("FLSA") case of *Gonzalez and Rosario v. Batmasian et al.*, Case No: 16-cv-81696-Middlebrooks ("Gonzalez Action").[2] During that trial, Chris Kleppin, Esq. (the attorney in the Gonzalez Action and in this matter), and his main witness, Baker, attempted to use this same purported attorney-client privileged information to which Defendants had already objected in this case. During both the trial in the Gonzalez Action, and in at least one post-trial order, United States District Court Judge Donald Middlebrooks made extensive statements and findings regarding both Kleppin's and Baker's improper conduct. Judge Middlebrooks specifically addressed

---

[2] Gonzalez and Rosario both attempted to join the instant case, as part of Blake's collective action, but were determined not to be similarly situated to commercial leasing agents Mr. Blake and Ms. Sotomayor. After they were dismissed from the instant case, Chis Kleppin (Plaintiffs' attorney) ("Kleppin") filed a separate action on behalf of Gonzalez and Rosario.

Kleppin's and Baker's improper attempts to inject prejudicial information that was not permitted pursuant to the Rules of Evidence, including but not limited to, testimony which would constitute attorney-client information ("Judge Middlebrooks' Order").

Subsequently, Defendants moved to supplement the record in this action with the findings of Judge Middlebrooks, which motion Magistrate Judge Matthewman granted, and which ruling is currently the subject of Plaintiffs' Appeal of Order Granting Motion to Supplement.  Judge Middlebrooks' Order is summarized by Plaintiffs in their objections as follows:

> [Judge Middlebrooks] then issued an extremely critical fee order [in the Gonzalez Action] . . . using as a centerpiece that [Kleppin] lacks integrity and honesty as an attorney by attempting to admit into evidence attorney-client privileged information — essentially the same evidence Plaintiffs submitted at the [summary judgment] stage in this case [which] Defendants are seeking to strike and which the R&R recommended striking.

DE 396 at 6.

**<u>Objections</u>**

It appears Plaintiffs take issue with every aspect of the 38 page R&R, including specifically, but not limited to: (a) the Magistrate quoting from Judge Middlebrooks' Order; (b) the Magistrate finding that Defendants' citation to *Nova Southeastern Univ. v. Jacobson*, 25 So.3d 82 (Fla. Dist. Ct. App. 2009) (in which case Kleppin was found to have improperly used attorney-client privileged information) was not a personal attack on Plaintiffs' counsel; (c) the Court striking anything from the record

other than pleadings; (d) the Magistrate's findings that Defendants properly asserted attorney-client privilege at Baker's deposition; (e) the Magistrate's findings that Defendants met their burden to show that each element of the attorney-client privilege had been established; (f) the Magistrate making credibility findings regarding Baker without conducting an evidentiary hearing and examining Baker in person; (g) the Magistrate's finding that Plaintiffs did not attempt to use the attorney-client privileged information until January 2017; (h) the Magistrate's finding that it is Plaintiffs who have injected Baker in this case; (i) the Magistrate's conclusion that Baker's status as an employee, and the document at DE 314-1, is not relevant; (j) the Magistrate's conclusion that Defendants did not waive the attorney-client privilege as to DE 314-1; (k) the Magistrate's finding that Baker's Declaration was "dubious;" and (l) the Magistrate's conclusion that the crime-fraud exception does not apply.  Some of the objections will be addressed below.  The others are rejected out of hand.  None of the objections demonstrates clear error on the part of the Magistrate Judge.

*Objections to Magistrate's Conclusions Regarding Baker's Employment Status*

The Magistrate concluded

> that the attorney-client privilege would apply regardless of whether Baker was classified as an independent contractor or employee. . . If Baker was an employee of Defendants, then communications from Defendants' counsel regarding legal advice and services are covered by the attorney-client privilege.  *See Upjohn Co. v. U.S.*, 449 U.S. 383, 396 (1981).  And if Baker were an independent contractor, under the facts of this case, he was a de facto consultant with whom Defendants' counsel

needed to confidentially confer regarding legal issues and services. *Every Penny Counts, Inc. v. American Exp. Co.*, 2008 WL 2074407, at *2 (M.D. Fla. 2008) (citing *In re Bieter Co.*, 16 F.3d 929 (8th Cir. 1994)).

In this case, Baker was a CFO/controller for Defendants, and it would seem obvious that an attorney or attorneys for a company would have the need to confer confidentially with a company's CFO/controller, thus placing those communications within the scope of the attorney-client privilege. As CFO/controller, Baker would have arguably possessed decision-making authority about the employment issues allegedly discussed by counsel, he would have been implicated in the relevant chain of command, and he allegedly had personal involvement in the relevant activity. Thus, the Court finds that Baker, whether an employee or independent contractor, was within the scope of the attorney-client privilege.

R&R, DE 394 at 11-12.

Plaintiff asserts that the Magistrate "erred by not expressly finding that Baker was an employee,"[3] and by concluding that the attorney-client privilege could apply regardless of Baker's employment status. DE 396 at 4. The Court agrees with the Magistrate that the privilege could apply whether Baker was an employee or private contractor, and therefore, for purposes of the discovery dispute at hand, it is unnecessary to decide Baker's employment status. Accordingly, the Court rejects Plaintiff's contention that "the privilege was impliedly waived by Defendants' taking

---

[3] Plaintiffs argue on the one hand that Defendants are improperly claiming Baker was an independent contractor, rather than an employee [DE 381 at 12-13; DE 396 at 3 (Defendants continued to misclassify employees like Baker as independent contractors in order to evade payroll taxes)]. On the other hand, Plaintiffs seem to argue that since Baker was an independent contractor, the attorney-client privilege should not apply to Baker's communication with counsel for Defendants. DE 381 at 13; R&R, DE 394 at 11.

the position that Baker is an independent contractor." DE 396 at 4.

In reasonably concluding that the attorney-client privilege could apply regardless of Baker's employment status, the Magistrate was guided by an Eighth Circuit decision that recognized that the attorney-client privilege could be extended to include consultants of a corporation. *See In re Bieter Co.,* 16 F.3d 929 (8th Cir. 1994).[4] The Eight Circuit concluded that the relationship arises when an attorney needs to be able to confer confidentially with "nonemployees who, due to their relationship to the client, possess the very sort of information that the privilege envisions flowing most freely." *Id*. at 938.

### *Privilege of the Document at DE 314-1*

Docket Entry 314-1 is a letter dated September 24, 2012, from Defendants' counsel, Simon & Sigalos, LLP, to Baker and to Jason Lazar, Esq., outside counsel for

---

[4] The *Bieter* court concluded "'at times there will be potential information-givers who are not employees of the corporation but who are nonetheless meaningfully associated with the corporation in a way that makes it appropriate to consider them 'insiders' for purposes of the privilege.'" *Bieter*, 16 F.3d at 936 (cite ommited). Accordingly, the Eighth Circuit ruled that the attorney-client privilege should extend to relationships where the information-giver is "an employee, agent, or independent contractor with a significant relationship to the corporation and the corporation's involvement in the transaction that is the subject of legal services." *Bieter*, 16 F.3d at 937 (cite omitted). Since the privilege exists to protect not only information communicated from attorney to client, but also information provided to the attorney so that he may give sound legal advice, the Eighth Circuit reasoned that no principled basis existed to distinguish between a client's employee and its independent contractor. Both may have extremely sensitive and important information that must be communicated to the lawyer in order for him to provide effective representation. *Bieter*, 16 F.3d at 937.

Defendants. Mr. Batmasian and another attorney, Alan Perlman, Esq., are copied on the correspondence. The short three-sentence letter specifically states "Confidential - Attorney-Client Privilege" at the top. It addresses a totally unrelated matter (procuring "a binding proposal for insurance on the Boca Post Office property for at least six million dollars of insured value . . .").[5]

While correctly noting that the substance of DE 314-1 is wholly irrelevant to the instant lawsuit, the Magistrate concluded that the correspondence "fell within the ambit of the attorney-client privilege" because "the primary purpose of the letter from defense counsel to employees or independent contractors of Investments Limited was legal advice." Plaintiffs object to this conclusion arguing

- The privilege does not apply because the document is not a statement made to an attorney by the client seeking legal advice but a statement made by the attorney to the client.

- Business advice, rather than legal advice, predominates the letter, therefore the attorney-client privilege is inapplicable.

---

[5] It appears that the only possible arguable relevance the letter has for Plaintiffs is that it shows that defense counsel sent correspondence to Baker at an email address ending in "@investmentslimited.com' which, in Plaintiffs' view, demonstrates that defense counsel somehow had knowledge that Baker was an employee. DE 396, Objections at 3, 17, 18. Again, Baker's employment status is not determinative, and Plaintiffs' reasoning is diametrically opposed to their position that Baker was an independent contractor and therefore not within the group of individuals to whom the attorney-client privilege of the organization would extend. In his Objections, Blake states DE 314-1 "is relevant to rebut questioning at trial that Mr. Sigalos is going to make regarding Baker filing alleged fraudulent tax returns." DE 396 at 18. The Court rejects this argument because it is improper to impeach a witness on collateral issues. *Head v. Halliburton Oilwell Cementing Co.,* 370 F.2d 545, 546 (5th Cir. 1966).

- Any privilege was waived when the document was provided by Defendants to various third parties on a thumb drive that was subpoenaed in another case. Moreover, DE 314-1 was sent to an insurance company shortly after it was provided to Baker.

- It was clear error for the Magistrate to conclude that Defendants met their burden to demonstrate that they have not waived any claimed attorney-client privilege surrounding the letter.

None of these objections persuade the Court that the Magistrate clearly erred when he concluded that the privilege had not been waived.

As noted by the Magistrate, the letter is correspondence from outside counsel (defense counsel in this action) to his client Investments Limited (via its general counsel, Jason Lazar, Esq., and its CFO/Controller, Baker), regarding ongoing litigation (at that time). The only other persons copied on the correspondence are James Batmasian himself and another attorney for the Batmasians, Alan Perlman, Esq. All of these individuals are within the scope of the attorney-client privilege. The document purports to be privileged attorney-client communications and is clearly labeled as such. This document facially provides legal advice to Investments Limited from its outside litigation counsel regarding a bankruptcy case.

Plaintiff argues that any privileged nature of DE 314-1 has been destroyed by the production of this document, among others, "to an adversary, and to an insurance company" on a thumb drive. DE 396 at 18.[6] Defendants respond there has

---

[6] Plaintiffs reiterate what they wrote in response to the Motion to Protect Privilege: "here, the privilege has been waived . . . because numerous third parties

been no "explicit" waiver by the limited disclosure of DE 314-1 as they took all corrective actions possible.  They state that Baker misappropriated this document in 2013 (amongst hundreds of thousands of pages of documents placed on a thumb drive) and "once Defendants learned that Baker was in possession of their documents, i.e. when Baker first attempted to disclose all of these documents to a litigation adversary of the Batmasians, Defendants promptly sent demand letters to Baker demanding return of said documents.  When Baker refused, Defendants sued both Baker and Joseph Falso for misappropriation of confidential documents and conspiracy in the case of *Batmasian et al. v. Baker and Falso*, Case No.: 2014CA008186 AI ("Conspiracy Action")[7] . . ."  DE 400 at 16.  This Court finds it was not clearly erroneous for the Magistrate to conclude: "[b]ased on these facts, representations, and assertions, the Court finds that Defendants did not waive the attorney-client privilege as to 314-1."  DE 394 at 17.

Plaintiffs also object to the Magistrate's stated reluctance to rely on Baker's "dubious" Declaration regarding the thumb drive in an attempt to show that any privilege as to DE 314-1 had been waived.  Plaintiffs assert that it was clear error for

---

have received the thumb drive documents over the years, and a court specifically found that Joe Falso has the right to possess and maintain those documents.  (*See Aff. of Baker* ¶¶ 2-8, attached as Exhibit 1).  The thumb drive documents were subpoenaed by a third party in mid-2013 and no objection to them was lodged, and has not been lodged to date . . ."  DE 396 at 15 quoting DE 381 at 11-12.

[7] The Conspiracy Action was jointly voluntarily dismissed with prejudice as to the claims between Plaintiffs and defendant Baker in April 2018.

the Magistrate Judge "to make credibility determinations without even hearing from Mr. Baker to assess his credibility." DE 396 at 7, 19, 23. Plaintiffs urge this Court to hold a hearing and weigh credibility to the extent that it determines there are credibility issues that needs to be resolved.

The Magistrate explained his reluctance stating "Baker is an adverse and hostile witness to Defendants who, based on the depositions filed in this case and a review of the entire record, . . . seems to be intent on attacking Defendants . . . and assisting Plaintiffs' counsel, who also represents Baker in other litigation against Defendants." DE 394 at 16-17.

The Court finds the Magistrate's reluctance to rely on Baker's Declaration reasonable under the circumstances, and if there was any error in not relying on Baker's Declaration without holding a hearing to appraise directly Baker's credibility, such error was harmless, as the conclusion that the attorney-client privilege was not waived by the limited dissemination of DE 314-1 was properly based on Defendants' action in promptly demanding Baker to return the document.

<u>Baker's Testimony at his Deposition</u>

Plaintiffs assert that Defendants waived the attorney-client privilege by allowing Baker to testify as to attorney-client privileged information (purported audit testimony) at his deposition and by asking him questions that elicited privileged information. The Magistrate concluded, after considering and balancing a number of factors, that by participating in the deposition of Baker, Defendants did not waive

the attorney-client privilege.  Some of the reasons the Magistrate discussed included that Defendants' counsel initially told Baker that he did not want Baker to testify to attorney-privileged information, that Defendants could not instruct a non-party witness such as Baker to not answer a question, and that Baker, who is adverse and hostile to Defendants, is intent on providing as much damaging information as possible against Defendants, including any information that is potentially attorney-client privileged.

Plaintiffs assert the Magistrate clearly erred in so concluding arguing "'[a]ny voluntary disclosure by the holder of such a privilege is inconsistent with the confidential relationship and thus waives the privilege.' *Sperling v. City of Kennesaw*, 202 F.R.D. 325 (N.D. Ga. 2001)." DE 396 at 20.  Defendants respond that the "holder" of the privilege is Investments Limited, not Baker.  As such, Baker cannot "voluntarily" waive the privilege.  The Court does not find the Magistrate's conclusion regarding Baker's testimony at his deposition to be clearly erroneous.

*Privilege vis-a-vis Certain Affirmative Defenses*

The Magistrate stated in his R&R that

[a]n express reliance upon advice of counsel to support Defendants' affirmative defenses [good faith and outside sales exemption] would waive the attorney-client privilege as to the attorney-client communications related to such advice.  However, Defendants are not attempting in any way to rely on attorney-client privileged communications to support any defense in this case.  In fact, they have specifically stated that they are not going to adduce any evidence or testimony about any advice of counsel Defendants received.

DE 394 at 23.

Plaintiffs disagree and argue the Magistrate clearly erred in making the above conclusion:  "That is exactly what they are doing, as they are trying to prevent Plaintiffs from using Baker's testimony in this exact regard."  DE 396 at 22.  Plaintiffs further assert that "[w]hile [Baker] testified to that in this case, it is error for the Court in this dispute without a hearing . . . to determine credibility and pick Batmasian over Baker. . ."  "At the *Gonzalez* trial, Mr. Batmasian testified differently . . . suggesting he had received advice from outside counsel previously . . .," and "Mrs. Batmasian testified Defendants received legal advice from Mr. Rosenfeldt. (Dep. of Marta Batmasian at 367-69, attached as Exhibit 2)."  DE 396 at 9, 22-23. Plaintiffs further object to the Magistrate's conclusion that Plaintiffs adduce "very limited and somewhat dubious factual support . . . to support their claims that Rosenfeldt ever even gave" oral legal advice concerning the FLSA to Defendants.  DE 396 at 23-24.

The Court agrees with the Magistrate that as long as Defendants do not insert reliance on advice of counsel as an issue in the litigation, no automatic waiver of the attorney-client privilege occurs when Defendants simply assert two good faith affirmative defenses that are standard defenses to avoid punitive damages.  *See* R&R, DE 394 at 29-30.  Plaintiffs other objections mentioned above do not constitute clear error.

*Crime-Fraud Exception*

The Magistrate found Plaintiffs' argument that the crime-fraud exception applied to all the information in the summary judgment filings to be frivolous because Plaintiffs had not made the requisite prima facie showing that "the client was engaged in criminal or fraudulent conduct when he sought the advice of counsel." R&R, DE 394 at 20.

Plaintiffs disagree arguing that Baker's Declaration and deposition testimony clearly set forth how the tort of failing to pay overtime to people to whom it was legally owed occurred.  DE 396 at 21.  The Magistrate's conclusion that Plaintiffs failed to make the requisite prima facie showing for this theory was not clearly erroneous.

**Appeal of Order Granting Motion to Supplement**

The Magistrate Judge granted Defendants' Motion to Supplement Defendants' Motion to Protect Privilege with a recent order entered by Judge Middlebrooks in the related Gonzalez Action ("Middlebrooks Order").  In addition to granting the Motion to Supplement, the Magistrate struck a Second Declaration of James Baker re Thumb Drive, which was attached to Plaintiffs' response to the Motion to Supplement.  The Magistrate found the declaration was irrelevant to the issue of whether the Court should supplement the record and that it "may include additional privileged material."  *See* DE 393.

Plaintiff complains that:

- the Middlebrooks Order "excoriates Plaintiffs' counsel and a witness James Baker and made all sorts of factual findings regarding them and their intentions, questioning their ethics and integrity."  DE 397 at 1.

- the R&R (DE 394) follows and accepts the criticisms from Judge Middlebrooks Order, which is too bad . . . because it erroneously accuses Plaintiffs' counsel of trying to admit into evidence attorney-client privileged information when the Defendants did not object based on privilege, and when Judge Middlebrooks 2 months previously had found that the evidence at issue was not privileged and applied the case relied on by Plaintiffs' counsel in *Gonzalez* (*Cox v. Administrator U.S. Steel*, 17 F.3d 1386 (11th Cir. 1994)) to establish that in fact the information was not attorney-client privileged.  *Id.* at 1-2.

- The R&R adopts the criticisms in the Middlebrooks Order, despite the fact that Judge Middlebrooks in another FLSA case just two months before the Gonzalez Action ruled completely differently from his ruling in the Gonzalez trial as he accepted Plaintiffs' argument that the implicit waiver of the attorney-client privilege contained in *Cox* applies to FLSA cases when the defendant asserts affirmative defenses that are either exemptions or good faith defenses as to why willfulness should not be found or liquidated damages should not be imposed.  *Maar v. Beall's, Inc.*, 237 F.Supp.3d 1136 (S.D. Fla. 2017).

- The Magistrate abused his discretion by summarily finding Plaintiffs' numerous objections unavailing.

- The Magistrate erroneously struck Baker's Second Declaration because he "does not like the fact that certain information therein make it impossible for him to rule in the manner in which he wants to . . ."  DE 397 at 4.

- Baker's Second Declaration is not irrelevant - it casts doubt on the whole notion that DE 314-1 is remotely privileged and shows that the entire argument is frivolous and one big waste of time.

- The Second Declaration goes "to the heart of the issue concerning waiver, and implied waiver, and that was what the Response was designed to address, as well as the motivations, arguments, and record in *Gonzalez*."  DE 397 at 5.

The Court rejects Plaintiffs' objections to the Magistrate's ruling permitting

supplementation of the record with an Order from a related case, and striking Baker's

Second Declaration.  Many of the above cited complaints are either irrelevant to the Motion to Supplement, are not valid objections to the Magistrate's ruling, or are an attempt to argue the merits of the *underlying* Motion to Strike and Motion to Protect Privilege.  Plaintiff clearly disagrees with the Magistrate's and Judge Middlebrook's opinions, but there was no clear error made when the Magistrate granted the Motion to Supplement.  Moreover, there was no clear error made when the Magistrate struck the Second Declaration.  A Declaration attached to a response is not the proper vehicle for "the other side to respond to" (DE 404 at 1) the document which is the subject of the motion to supplement (in this case, Judge Middlebrooks' Order).  The Magistrate was not even required to issue a written order stating his decision on this non-dispositive matter of supplementing the record.  *See* Fed. R. Civ. P. 72(a).  Furthermore, the Magistrate's Order was not a "summary ruling on a motion," but rather contained a three-page analysis of the filings considered and issues relating to the Motion to Supplement.  Plaintiffs have not demonstrated that the Magistrate's determination to permit supplementation of the record was "clearly erroneous" or "contrary to law" and, as such, have failed to satisfy their burden on appeal.

Upon a *de novo* review of the entire file and record herein, it is hereby

**ORDERED AND ADJUDGED** that United States Magistrate Judge William Matthewman's Reports and Recommendations is **AFFIRMED [DE 394].**  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion to Strike and Motion for Protective/Limiting Order Regarding Plaintiffs' Various Filings Which Purport to Reveal Confidential Attorney-Client Privileged Communications **(DE 378) is granted in part and denied in part** as laid out by the Magistrate Judge in his Report and Recommendation.  Accordingly, **the following documents are stricken**:

- Plaintiffs' Motion for Summary Judgment (DE 327) (this motion is therefore **terminated**);

- Plaintiffs' Second Supplement relating to Defendants' Motion to Strike (DE 314, 314-1);

- Plaintiffs' Statement of Material, Undisputed Facts in Support of Plaintiffs' Motion for Summary Judgment (DE 326);

- Baker Deposition (DE 326-10);

- Declaration of Baker in Support of Plaintiffs' Motion for Summary Judgment (DE 326-15);

- Blake's Response in Opposition to Defendants' Motion for Summary Judgment (DE 330);

- Response in Opposition to Defendant's Statement of Material Facts (DE 331);

- Baker's Declaration in Support of Plaintiffs' Motion for Summary Judgment (DE 331-9);

- Baker's Deposition Transcript filed in Support of Plaintiffs' Motion for Summary Judgment (DE 342-1);

- Plaintiffs' Reply Brief (DE 376); and

- Reply to Defendants' Statement of Material Facts (DE 375).

Plaintiffs shall refile their responses to Defendants' Motion for Partial Summary Judgment (DE 305) and Defendants' Statement of Material Facts (DE 306), their motion for summary judgment, reply, affidavits or declarations, and statements at issue, omitting any arguments based on attorney-client privileged information, as well as omitting any such protected information as outlined in the Magistrate's Report, on or before September 4, 2018.  Plaintiff is requested use a 12 point font and double spaces.  No expansion of the page limits will be considered absent a showing of good cause.

In addition, Plaintiffs and their counsel are ordered to refrain from filing any further attorney-client privileged material or information in this case, and if in doubt, first seek express leave of court before making the filing.  It is further

**ORDERED AND ADJUDGED** that "Plaintiffs' Appeal/Objections of/to Magistrate Judge's Order on R&R on Defendants' Supplemental Motion to Strike or Motion to Supplement Motion to Strike (DE 393)" **[DE 397] is denied**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 8th day of August, 2018.

_____
KENNETH A. MARRA
United States District Judge